**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICK BRADLEY MENNICK, | No. 09-35506 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-00023-LMB |
| v. | |
| JEFF ZMUDA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Larry M. Boyle, Magistrate Judge, Presiding

Argued and Submitted June 7, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Idaho state inmate Nick Mennick appeals the district court's denial of his 28

U.S.C.§ 2254 habeas corpus petition challenging his jury conviction for aggravated

battery.  The trial court denied his *pro se* motion for an independent medical expert

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to help him evaluate the medical tests on which the victim's attending physicians relied to testify that the injuries sustained were serious and consistent with battery.

The Idaho Court of Appeals assumed for purposes of its decision that an indigent criminal defendant's right to expert assistance as set forth in *Ake v. Oklahoma*, 470 U.S. 68 (1985), applies to medical experts, but found the *Ake* claim meritless. The state court explained that

> the State presented uncontroverted testimony that Mennick exerted great force on the victim's body; indeed Mennick conceded that he punched and kicked the man. The State introduced photographs showing the victim's bloodied and lacerated head. Then an objective doctor – the treating physician, not an expert retained by the State – described three different kinds of bleeding in the victim's brain. The jury learned that treating emergency room physicians had believed the victim's injuries were severe enough to warrant transfer to a facility better equipped to cope with serious brain trauma, and doctors opined that the injuries could have been life threatening, both individually and in the aggregate. It is extremely unlikely that an independent medical expert could have helped Mennick rebut the objective evidence that the victim suffered brain trauma or the straightforward medical diagnoses of the victim's treating physician.

We agree that the probable value of expert assistance in this case was minimal and that the risk of error in the trial outcome by declining to appoint an expert was negligible. Because the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court, we affirm the conviction. 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.